[No. 8166.   Department One.   November 16, 1909.]

COATS SHINGLE COMPANY et al., *Respondents*, v. THE CITY
OF HOQUIAM et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS — ACTION
TO ENJOIN—COMPLAINT—DEFINITENESS.   In an action by owners of
property abutting on a street, to enjoin an assessment thereof for
street improvements, attacking the proceedings as a whole and not
any particular lien on specific property, the allegation as to plain-
tiff's property need only be sufficiently definite to show their interest,
and it is not error to refuse to require the complaint to set out a
specific description.

SAME—COMPLAINT—SUFFICIENCY—OPPORTUNITY TO BE HEARD.   A
complaint to enjoin an assessment for a street improvement in a
city of the second class states a cause of action where it is alleged
that the city is proceeding to make the assessment without giving
the plaintiff property owners notice or opportunity for a hearing
upon the equalization of the assessments, as required by Laws 1907,
p. 623, § 40, and that the city has included large sums not a part of
the cost of the improvement and not properly chargeable to the prop-
erty benefited, without an opportunity to be heard.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 3, 1909, in favor of
the plaintiff, upon overruling a demurrer to the complaint,
in an action to enjoin an assessment for a street improve-
ment.   Affirmed.

*Sidney Moor Heath* and *James P. H. Callahan*, for appel-
lants.

*C. W. Hodgdon* and *Morgan & Brewer*, for respondents.

FULLERTON, J.—The respondents brought this action
against the city of Hoquiam to enjoin the collection of an
assessment for a street improvement attempted to be im-
posed upon their property by that city.   ·They stated their
cause of action as follows:

"Come now the plaintiffs above named and for cause of
action against the defendants, allege:

"(1)   That the Coats Shingle Company is a corporation,

[1]Reported in 105 Pac. 141.

duly organized and existing under and by virtue of the laws of the state of Washington, having its principal place of business in the city of Hoquiam, Chehalis county, Washington, and that it has paid its annual license fee due to the state of Washington, for the year ending June 30th, 1909; and that the Polson Shingle Company is a corporation, duly organized and existing under and by virtue of the laws of the state of Washington, having its principal place of business at Hoquiam, in said county and state, and that it has paid its annual license fee due to the state of Washington, for the year ending June 30th, 1909.

"(2) That the city of Hoquiam is, and at all times herein mentioned was, a municipal corporation of the state of Washington, to wit: a city of the second class duly organized and existing under and by virtue of the laws of said state, and said J. A. Fairburn, treasurer, is and at all times herein mentioned was the duly elected, qualified and acting treasurer of said city of Hoquiam.

"(3) That on or about the 9th day of June, 1908, the city council passed and adopted a resolution providing for the improvement of Ontario street in the city of Hoquiam to deep water from a point opposite and between blocks sixty (60) and sixty-one (61) in Ontario Addition to the city of Hoquiam, which resolution was duly published in the official paper of said city, to wit: the Weekly Grays Harbor Washingtonian.

"(4) That subsequent thereto and on or about the 22d day of September, 1908, an ordinance was passed by the city council, further providing for the improvement of said·street between the points specified, and the same was on or about the 23d day of September, 1908, approved by the mayor of said city, and said ordinance has not been and was not published in the city official paper and no publication thereof was made as required by law.

"(5) That notwithstanding said ordinance was never published the city council of the city of Hoquiam called for bids for doing said work and said notice was not published in the official paper of the city of Hoquiam, and was not published at all as required by law.

"(6) That bids were received by said city council and bids for doing said work was the sum of four and 6½ 100 dollars ($4.06½) per lineal foot and there was included in said bid and made a part thereof, the sum of one hundred

dollars ($100), which sum the said city council required and demanded of the contractors that they should include in their bid over and above the cost of the work and which said city council required should be given to and delivered to said city of Hoquiam from the first warrant that was thereafter to be delivered to the contractors for the doing of said work so that the amount bid and for which the work was offered to be done was the sum of one hundred dollars ($100) more than the actual amount to be received and retained by the contractors.

"(7)   That said city council passed an order and motion awarding to the Grays Harbor Construction Company the contract for doing said work above referred to and the contract was entered into between the said city and said Grays Harbor Construction Company for the doing of said work, and said company constructed the work and improvement on said Ontario street.

"(8)   That, thereafter, and on or about the 14th day of September, 1908, a purported assessment roll was delivered to the city clerk of the city of Hoquiam, and, thereupon, notice of the meeting of the city council as a board of equalization regarding said purported assessment roll was directed to be given, but said notice of the meeting of the city council as a board of equalization was not published in the city official paper and was not published at all as required by law; but notwithstanding that said notice was not published as required by the ordinances of the city of Hoquiam, and as required by law, said city council met but did not equalize said purported assessment roll and the same never has been equalized, and these plaintiffs had no knowledge or notice of any meeting or attempted meeting of said council as a board of equalization, or at all.

"(9)   That these plaintiffs are the owners of the land adjacent and abutting said "Ontario street;" that notwithstanding the fact that no ordinance was ever published for the doing of said work or notice published of the meeting of the board of equalization and notwithstanding the fact that no equalization was ever had or notice published calling for bids, said city council caused a purported assessment roll to be made and delivered to the city treasurer of the city of Hoquiam, to wit: J. A. Fairburn, defendant above named, and said J. A. Fairburn, attempted to give notice and sent notices to these plaintiffs that an assessment had been made

upon the property owned by them for the improvement of said Ontario street in the sum of twenty-three hundred seven and 10-100 dollars ($2,307.10) each, and said city treasurer notified said plaintiffs that unless the same was paid within thirty (30) days the same would become delinquent, and further informed plaintiffs that unless paid the same would be certified to the treasurer of Chehalis county and filed with said treasurer as provided by statute of the state of Washington in regard to delinquent assessments, and notified these plaintiffs that there would be added thereto a penalty of eight (8) per cent and interest at the rate of eight (8) per cent per annum.

"(10)    That there was included in said purported assessment alleged to have been made upon said land, and which these plaintiffs were notified and required to pay, the sum of one hundred dollars ($100) over and above and more than the cost of doing said work by said Grays Harbor Construction Company, and the plaintiffs are informed and believe and therefore allege the fact to be that warrants for said sum of one hundred dollars ($100) were issued to the said Grays Harbor Construction Company, and by them immediately returned to and delivered to the city of Hoquiam and there was also included in said purported assessment roll the sum of about six hundred dollars ($600) over and above and more than the amount of the bid of said Grays Harbor Construction Company and said amount was placed upon said purported assessment roll as a charge and assessment against these plaintiffs and their property.

"(11)    That a part of the improvement of said Ontario street consisted of a dock and wharf upon the lands of the state of Washington adjoining and adjacent to deep water of Grays Harbor and the Chehalis river, which dock and wharf was located entirely upon the harbor area on the water front, which harbor area is owned exclusively by the state of Washington and these plaintiffs have not a lease thereof from the state of Washington and have not a contract of purchase of the same, and said lands cannot be sold by the state of Washington, but is held and under the laws of the state of Washington must be held by said state and not sold; that the value of said wharf and dock so located upon said lands as aforesaid, and the cost thereof to construct was about the sum of thirteen hundred dollars ($1,300) and notwithstanding the location of said wharf and dock as

aforesaid, said city council attempted to assess and included in said purported assessment roll as an assessment against the property of these plaintiffs about the sum of thirteen hundred dollars ($1,300) or more, and said amounts aforesaid so assessed against the property of these plaintiffs was wilfully and fraudulently done and done for the purpose of compelling these plaintiffs to pay more than in equity they should pay.

"(12)   That said purported assessment roll above referred to is now in the hands of the treasurer of said city and he threatens to and will unless restrained and enjoined, by this honorable court, certify said roll as delinquent to the county treasurer of Chehalis county to be spread upon the records of said treasurer's office and the same will become an apparent lien and charge upon the property of these plaintiffs to their irreparable injury and damage.

"(13)   That the plaintiffs have no plain, speedy or adequate remedy at law and if said assessment roll be certified to the said treasurer of the county of Chehalis, the same will be by him entered upon his records and the said treasurer will issue to any person applying therefor, certificates of delinquency, which said certificates will constitute an apparent cloud and lien upon the property of these plaintiffs.

"(14)   That all of the acts and attempted acts of said city council and the officers of said city were done and performed without any jurisdiction and these plaintiffs had no notice or knowledge of said acts until after the same had been done and after they had been notified by said city treasurer that an assessment had been levied and made upon the property owned by them."

The appellant, appearing by its counsel, moved the court to require the respondents to make their complaint more definite and certain by setting out a specific description of their real property affected by the assessment.   This motion the court overruled, whereupon the city demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action.   The demurrer was likewise overruled, and the city refusing to plead further, judgment was entered against it.   From that judgment, this appeal is prosecuted.

The appellant first urges that the court erred in overrul-

ing its motion to require the respondents to make their complaint more definite and certain. But no error was committed in this respect. The respondents were attacking the assessment proceedings as a whole, not as a lien upon a specific tract of property. The allegation as to the property affected needed to be only sufficiently definite to show the respondents' interest, and this was shown by the allegations to the effect that they owned property abutting upon the improved street and that the city had illegally sought to impose a lien thereon exceeding five thousand dollars.

The demurrer was also properly overruled. While the complaint is not as specific as it might have been made, it clearly appears therefrom that the city did not follow very closely the provisions of its charter. By § 38 of the statute providing for the government of cities of the second class (Laws 1907, p. 623.), the city of Hoquiam is empowered to improve its streets at the expense of the abutting property holders benefited by the improvement, and may declare its intention to improve any such street either by resolution or ordinance. Section 40 provides the manner in which the assessment shall be made, prescribing that it shall be done by ordinance, which ordinance shall designate the officer or officers whose duty it shall be to prepare an assessment roll. This section also requires that the ordinance shall prescribe the mode for equalizing the assessment roll, empowering the city council to act as a board of equalization. Section 58 provides that, before any ordinance shall take effect, it shall be published in the official newspaper of the city. It is these provisions of the charter that seem to have been violated. It appears from the complaint that the initiatory steps towards making the improvement were taken both by resolution and ordinance, the resolution only being published for the prescribed time and in the prescribed manner; that the required notice of the time and place fixed for equalizing the assessment roll was not given, thus denying to those interested therein and affected thereby any opportunity to be heard concerning the

inequalities of the roll. In fact, it is alleged that no equalization of the roll was had. Moreover it is alleged that large sums were included in the assessment roll not a part of the cost of the improvement, and not properly chargeable to the property holders benefited by the improvement, against the insertion of which the property holders whose property was attempted to be assessed were given no opportunity to protest or object.

These irregularities were sufficient to avoid the assessment, and since the city confesses to their truth by electing to stand upon its demurrer, the judgment entered by the trial judge must be affirmed. It is so ordered.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.